## IN THE CIRCUIT COURT OF THE SIXTH JUDICIAL CIRCUIT
## IN AND FOR PINELLAS COUNTY, FLORIDA
## CIVIL DIVISION

BELINDA PARKER,
an individual,

      Plaintiff,

v.

MIDLAND CREDIT MANAGEMENT,
INC., a foreign corporation,

      Defendant.

_____/

RECEIVED
ST. PETERSBURG BRANCH

DEC 16 2011

KEN BURKE
CLERK CIRCUIT COURT

Case No.:

11-12046-CI-13

CLASS COMPLAINT
(Unlawful Debt
Collection Practices)

II.    TYPE OF CASE (If the case fits more than one type of case, select the most
definitive category.) If the most descriptive label is a subcategory (is indented
under a broader category), place an x in <u>both</u> the <u>main</u> category and subcategory
boxes.

| | |
|---|---|
| [] Condominium | [] Professional malpractice |
| [] Contracts and indebtedness |   [] Malpractice—business |
| [] Eminent domain |   [] Malpractice—medical |
| [] Auto Negligence |   [] Malpractice—other professional |
| [] Negligence—other | [X] Other – Wrongful Act |
|   [] Business governance |   [] Antitrust/Trade regulation |
|   [] Business Torts |   [] Business transactions |
|   [] Environmental/Toxic Tort |   [] Constitutional challenge—statute or |
|   [] Third Party indemnification |     ordinance |
|   [] Construction defect |   [] Constitutional challenge—proposed |
|   [] Mass Tort |     amendment |
|   [] Negligent security |   [] Corporate trusts |
|   [] Nursing home negligence |   [] Discrimination |
|   [] Premises liability—commercial |   [] Insurance claims |
|   [] Premises liability—residential |   [] Intellectual property |
| [] Products liability |   [] Libel/ Slander |
| [] Real property/Mortgage foreclosure |   [] Shareholder derivative action |
|   [] Commercial foreclosure |   [] Securities litigation |
|   [] Residential foreclosure |   [] Trade secrets |
|   [] Other real property actions | [X] Wrongful debt collection |

III.   REMEDIES SOUGHT (check all that apply)
    [X] monetary;
    [] non-monetary declaratory or injunctive relief;
    [] punitive

IV.   NUMBER OF CAUSES OF ACTION: [ 1 ]
    (specify) <u>Unfair Debt Collection; FCCPA Sections (9), (18); FDCPA Sections e(5),
g(a).</u>

V.    IS THIS CASE A CLASS ACTION LAWSUIT?

EXHIBIT

B

[X] yes
[] no

VI.  HAS A NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?
[X] no
[] yes  If "yes," list all related cases by name, case number, and court.

_____

_____

_____

VII.  IS JURY TRIAL DEMANDED IN COMPLAINT?
[] yes
[X] no

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief.

DATE: _12/16/11_

Respectfully Submitted,

**LEAVENGOOD & NASH**

**Ian R. Leavengood, Esq., FBN 10167**
□ **Christopher C. Nash, Esq., FBN 135046**
□ **Heather M. Fleming, Esq. FBN 25971**
3900 First Street North, Suite 100
St. Petersburg, FL 33703
Phone: (727) 327-3328
Fax: (727) 327-3305
ileavengood@leavenlaw.com
cnash@leavenlaw.com
hfleming@leavenlaw.com
**Attorneys for Plaintiff**

IN THE CIRCUIT COURT OF THE SIXTH JUDICIAL CIRCUIT
IN AND FOR PINELLAS COUNTY, FLORIDA
CIVIL DIVISION

RECEIVED
ST. PETERSBURG BRANCH

DEC 16 2011

KEN BURKE
CLERK CIRCUIT COURT

BELINDA PARKER,
an individual,

      Plaintiff,

v.

MIDLAND CREDIT MANAGEMENT,
INC., a foreign corporation,

      Defendant.

_____/

Case No.:

11- 12046-CI-13

CLASS COMPLAINT
(Unlawful Debt
Collection Practices)

## CLASS COMPLAINT

**COMES NOW**, Plaintiff, BELINDA PARKER (hereinafter, "Plaintiff"), by and through the undersigned counsel, and sues Defendant, MIDLAND CREDIT MANAGEMENT, INC. (hereinafter, "Defendant"), and alleges:

### I. INTRODUCTION AND PRELIMINARY STATEMENT

This is a class action brought pursuant to Rule 1.220, Florida Rules of Civil Procedure, against Defendant for its routine and systematic violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereinafter, "FDCPA") and the Florida Consumer Collections Practices Act, Fla. Stat. § 559.55 *et seq.* (hereinafter, "FCCPA"), which prohibits debt collectors and persons, respectively, from engaging in abusive, deceptive, and unfair debt collection practices. Specifically, Defendant routinely and systematically attempts to collect consumer debts via unlawful and misleading form Debt Collection Letters (as hereinafter defined) which illegally assert a right that does not exist, which are false and misleading, which can reasonably be expected to be abusive

and harassing to consumers, and which impermissibly fail to give Plaintiff and Class

Members notice of their validation and verification rights required under the FDCPA.

## II. JURISDICTION AND VENUE

1.      This is an action for damages that exceeds $15,000.00 exclusive of

attorneys' fees and costs.

2.      Jurisdiction and venue for purposes of this action are conferred by Florida

Statute § 559.77.

## III. PARTIES

3.      Plaintiff, BELINDA PARKER, is a natural person residing in Pinellas,

Florida.

4.      Defendant, MIDLAND CREDIT MANAGEMENT, INC., is a foreign

profit corporation existing under the laws of the State of California that, itself and

through its subsidiaries, regularly collects debts due to another in Pinellas County,

Florida.  Defendant's principal purpose is the collection of debts using telephone and

mail, and Defendant regularly attempts to collect debts alleged to be due another.

## IV. CLASS ACTION ALLEGATIONS

5.      Plaintiff and Class Members are "debtors" or "consumers" pursuant to

Florida Statute 559.55(2).

6.      At all times herein, Defendant is a "debt collector" as defined by 15

U.S.C. § 1692a(6).

7.      At all times herein, Defendant is a "debt collector" as defined by Fla. Stat.

§ 559.55.

8.    At all times herein, Defendant is a "person" pursuant to Fla. Stat. § 559.72.

9.    At all times herein, the Defendant attempts to collect a debt, specifically a Capital One personal loan referenced by MCM account number "8537604023" (hereinafter, "the Debt").

10.    At all times herein, the Debt was a consumer debt, incurred primarily for personal, household or family use.

11.    At all times herein, the Defendant was a "person" pursuant to Florida Statute §559.72. *See Schauer v. General Motors Acceptance Corp.*, 819 So. 2d 809 (Fla. 4th DCA 2002).

12.    At all times herein, the Defendant's conduct with regard to the Debt complained of below qualifies as a "communication" as defined by Florida Statute § 559.55.

13.    Defendant routinely and systematically attempts to collect debts via unlawful, deceptive and misleading form Debt Collection Letters which unlawfully assert a right that does not exist, which are false and misleading, and which fail to inform Plaintiff and Class Members of their rights under the FDCPA while communicating in connection with the collection of the Debt.

14.    Pursuant to Rules 1.220(a), 1.220(b)(2) and 1.220(b)(3), Florida Rules of Civil Procedure, Plaintiff brings this class action on behalf of herself and all other consumer debtors who, while residing in Florida, received the form Debt Collection Letters attached as Exhibit "A" and "B" to the Complaint from Defendant in violation of the FCCPA within two-year period of time prior to December 16, 2010 and in violation

of the FDCPA within one-year period of time prior to December 16, 2010, up and through the date of the filing of this Complaint (at all times herein collectively, "Class Members").

15.    This action is properly brought as a class action under Rule 1.220 for the following reasons:

(a)    This Class consists of thousands of persons so numerous that joinder of all members, whether otherwise required or permitted, is impracticable;

(b)    There are questions of law and fact common to all Class Members, which questions predominate over any question affecting only individual Class Members. These include the following questions of law and fact:

1)    Whether Defendant asserted while collecting consumer debts via the Debt Collection Letters rights which do not exist;

2)    Whether Defendant failed to provide Plaintiff and Class Members the validation of debts notice required by the FDCPA;

3)    Whether Plaintiff and Class Members are entitled to statutory damages under both the FCCPA and the FDCPA as a result of Defendant's unlawful debt collection practices described herein and in what amount;

4)    Whether Plaintiff and Class Members are entitled to declaratory and injunctive relief pursuant to the FCCPA.

16.    Defendant has acted or refused to act on grounds generally applicable to the Class in that it has engaged in a routine and systematic course of conduct consisting of its utilization of form Debt Collection Letters which asserts a right that does not exist,

and fails to provide Plaintiff and Class Members notice regarding the validation of debts required under the FDCPA.

17.    Injunctive and declaratory relief is appropriate with respect to the Class as a whole as a result of Defendant's routine and systematic course of conduct.

18.    Plaintiff's claims are typical of the claims of the proposed Class Members.

19.    Plaintiff will fairly and adequately protect the interests of the Class Members, and Plaintiff has retained as counsel attorneys that are experienced in consumer, class action and complex litigation.

20.    A class action is superior to other available methods for the fair and efficient adjudication of this controversy for at least the following reasons:

    a)    Given the size of the proposed Class, individual joinder of each Class Member's FCCPA and FDCPA claims is impracticable;

    b)    Given the relatively small damages suffered by individual Class Members, as well as the unlikelihood that many Class Members' will know their rights have been violated, most Class Members have little ability to prosecute an individual action due to the complexity of issues involved in this litigation and the significant costs attendant to litigation on this scale;

    c)    When the liability of Defendant has been adjudicated, claims of all members of the Class can be determined by the Court;

    d)    This action will cause an orderly and expeditious administration of the Class Members' claims, and economies of time, effort and expense will be fostered and uniformity of decisions will be insured;

    e)    Other available means of adjudicating the claims of Plaintiff and Class

Members – such as thousands of individual actions brought separately and pursued independently in courts throughout the state – are impracticable and inefficient;

f)      Without a class action, Class Members will continue to suffer damages and Defendant's violations of law will proceed without remedy while it continues its illegal debt collection activities; and

g)      This action presents no difficulties that would preclude management by the Court as a class action.

## REPRESENTATIVE'S ALLEGATIONS

21.     Defendant attempted to collect debt, specifically a Capital One credit card obligation identified by and account number ending in 7614 (at all times herein, the "Debt").

22.     The Debt was a consumer debt, incurred primarily for personal, household or family use.

23.     On or about December 16, 2010, Defendant sent Plaintiff a letter in connection with the collection of the Debt (hereinafter, "First Collection Letter"). Although the Fist Collection Letter contained language indicating it was not attempting to collect the Debt, the letter provided the balance of the Debt Plaintiff allegedly owes the Defendant and advised Plaintiff that Defendant will be collecting on the Debt. Please see attached a true and correct copy of the First Collection Letter labeled Exhibit "A."

24.     The First Collection Letter did not provide a statement that unless the Plaintiff, within thirty days after receipt of the letter, disputed the validity of the Debt, or any portion thereof, the Debt will be assumed to be valid by the Defendant.

25.     The First Collection Letter also did not provide a statement that if the Plaintiff notified the Defendant in writing within the thirty-day period that the Debt, or any portion thereof, is disputed, the Defendant will obtain verification of the Debt or a copy of a judgment against the Plaintiff and a copy of such verification or judgment will be mailed to the Plaintiff by the Defendant.

26.     Finally, the First Collection Letter did not provide a statement that, upon the Plaintiff's written request within the thirty-day period, the Defendant will provide the Plaintiff with the name and address of the original creditor, if different from the current creditor.

27.     No subsequent written communication was sent by Defendant to Plaintiff within 5 days of the First Collection Letter.

28.     On or about March 22, 2011, Defendant sent Plaintiff a collection letter in an attempt to collect the Debt (hereinafter, "Second Collection Letter"). Please see attached a true and correct copy of the Second Collection Letter labeled Exhibit "B."

29.     Defendant's Second Collection Letter advised Plaintiff that Defendant will continue debt collection activities, like sending the Second Collection Letter, "unless we receive a verified bankruptcy case number."

30.     Florida Statute §559.77 provides for the award of up to $1,000.00 statutory damages per each independent violation and an award of attorneys' fees to the Plaintiff should the Plaintiff prevail in this matter.

31.     United States Code Title 15 Section 1692k(a)(2)(A) provides for the award of up to $1,000.00 statutory damages, punitive damages and an award of attorneys' fees to the Plaintiff should the Plaintiff prevail in this matter against Defendant.

## COUNT ONE:
## UNFAIR DEBT COLLECTION PRACTICE –
## VIOLATION OF FLORDA STATUTE § 559.72(7) and (9)

Plaintiff re-alleges paragraphs one (1) through thirty-one (31) as if fully restated herein and further states as follows:

32.    Defendant is subject to, and has violated provisions of, Florida Statute §559.72(9) by asserting the existence of the legal right in attempting to collect the Debt with the knowledge that the right does not exist, as well as Florida Statute §559.72(7) by willfully engaging in conduct which can reasonably be expected to abuse or harass the Plaintiff and Class Members.

33.    Specifically, in using the First Collection Letter, Defendant implicitly asserted the right to communicate in connection with the collection of the Debt from Plaintiff and Class Members without providing the mandatory validation of debts notice required under Section 1692g(a) of the FDCPA in its initial communication with Plaintiff regarding the Debt or within five days thereof,  namely three provisions stating that: (1) unless the Plaintiff, within thirty days after receipt of the letter, disputed the validity of the Debt, or any portion thereof, the Debt will be assumed to be valid by the Defendant; (2) if the Plaintiff notified the Defendant in writing within the thirty-day period that the Debt, or any portion thereof, is disputed, the Defendant will obtain verification of the Debt or a copy of a judgment against the Plaintiff and a copy of such verification or judgment will be mailed to the Plaintiff by the Defendant; and (3) upon the Plaintiff's written request within the thirty-day period, the Defendant will provide the Plaintiff with the name and address of the original creditor, if different from the current creditor, the Defendant implicitly asserted that it had the right to send the First Collection Letter

without providing the validation of debts notice required under the FDCPA.

34.   Such a right does not exist; the FDCPA requires the immediately aforementioned disclosures be intended in the First Collection Letter or in a subsequent communication sent to Plaintiff and Class Member within five days.

35.   Furthermore, Defendant asserted in the Second Collection Letter that it would continue debt collection activities – such as sending the Second Collection Letter in an attempt to collect the Debt – unless Defendant received a verified bankruptcy case number from Plaintiff and Class Members.

36.   Defendant's Second Debt Collection Letter explicitly asserts that Defendant had the lawful right to continue to collect the Debt unless and until Plaintiff and Class Members provided Defendant with a verified bankruptcy case number; anything short of such would not stop Debt collection activities.  This is both a false assertion and a misleading communication made to Plaintiff and Class Members in an attempt to collect the Debt.

37.   Specifically, there are situations short of a providing Defendant a verified bankruptcy case number that would prohibit Defendant from continuing to collect the Debt from Plaintiff and Class Members, including simply providing Defendant with Plaintiff and Class Members attorney's name and contact information[1], as well as providing Defendant with written cease and desist instruction[2] regarding further Debt collection communications.

38.   Defendant's drafting and sending of the First and Second Collection Letters to Plaintiff and Class Members in an attempt to collect the Debt is conduct

---

[1] See Florida Statutes §559.72(18).
[2] See 15. U.S.C. 1692c(c).

knowingly and willfully undertaken that could reasonably be expected to abuse or harass Plaintiff and Class Members and is an assertion of a right Defendant knows does not exist.

39.     Defendant's willful and flagrant violation of, *inter alia*, the Florida Consumer Collections Practices Act as a means to collect a debt, constitutes unlawful conduct and harassment as is contemplated under Florida Statute § 559.72(7) and (9).

40.     As a direct and proximate result of Defendant's actions, Plaintiff has sustained damages as defined by Florida Statute §559.77.

**WHEREFORE,** Plaintiff and Class Members respectfully request the following relief:

a.      An Order certifying the Class requested herein, appointing Plaintiff class representative to act on behalf of the Class and appointing her attorneys as counsel for the Class;

b.      Judgment against Defendant for statutory damages caused by Defendant's conduct;

c.      Declaratory and injunctive relief prohibiting Defendant from further engaging in debt collection activities that violate the FCCPA;

d.      An award of costs, interest, attorneys' fees; and

e.      Any other such relief the Court may deem just and proper.

**COUNT TWO:**
**UNFAIR DEBT COLLECTION PRACTICE –**
**COUNT III – VIOLATION OF 15 U.S.C. § 1692e, e(5) and (g)(a)**

Plaintiff re-alleges paragraphs one (1) through thirty-one (31) as if fully restated herein and further states as follows:

41.    Defendant is subject to, and has violated the provisions of, 15 U.S.C. § 1692e, and specifically e(5), by threatening to take an action that cannot be legally taken.

42.    Specifically, Defendant advised Plaintiff and Class Members in its Second Collection Letter that Defendant will continue Debt collection activities until Plaintiff provided Defendant with a "verified bankruptcy number." This action cannot legally be taken.

43.    There are facts and circumstances short of a "verified bankruptcy case number" that would cause Defendant to cease Debt collection activities despite Defendant's false assertions to the contrary.

44.    Plaintiff and Class Members could, for example, advise Defendant that they had hired counsel with regard to the Debt and provided counsel's contact information. At such point, Debt collection communications with the Plaintiff and Class Members must cease[3], contrary to the assertion in the First Collection Letter.

45.    Furthermore, Plaintiff and Class Members could ask Defendant in writing to cease further collection activities. At such point, Debt collection communications with the Plaintiff and Class Members must cease[4], contrary to the assertion in the First Collection Letter.

46.    In short, there are actions that Plaintiff and Class Members could take to cease further Debt collection activities short of providing a verified bankruptcy case number; Defendant's assertions to the contrary are false and misleading and made in attempt to collect the Debt.

47.    Defendant is also subject to, and has violated the provisions of, 15 U.S.C.

---

[3] See Florida Statutes §559.72(18).
[4] See 15. U.S.C. 1692c(c).

§ 1692g(a) by failing to send a written notice to Plaintiff and Class Members in the initial communication or within five (5) days after Defendant's initial communication in connection with the collection of the Debt (1) a statement that unless the Plaintiff, within thirty days after receipt of the notice, disputes the validity of the Debt, or any portion thereof, the Debt will be assumed to be valid by the Defendant, (2) a statement that if the Plaintiff notifies the Defendant in writing within the thirty-day period that the Debt, or any portion thereof, is disputed, the Defendant will obtain verification of the Debt or a copy of a judgment against the Plaintiff and a copy of such verification or judgment will be mailed to the Plaintiff by the Defendant, and (3) a statement that, upon the Plaintiff's written request within the thirty-day period, the Defendant will provide the Plaintiff with the name and address of the original creditor, if different from the current creditor.

48.    Specifically, Defendant failed to disclose the aforementioned in its initial communication to Plaintiff—its First Collection Letter—as required by the FDCPA. Furthermore, Defendant did not send any additional communications to Plaintiff within 5 days of its First Collection Letter to Plaintiff making the required aforementioned FDCPA disclosures.

49.    As a direct and approximate result of Defendant's actions, Plaintiff and Class Members have sustained damages as defined by 15 U.S.C. § 1692k.

**WHEREFORE,** Plaintiff and Class Members respectfully request the following relief:

a.    An Order certifying the Class requested herein, appointing Plaintiff class representative to act on behalf of the Class and appointing her attorneys as counsel for the Class;

b.    Judgment against Defendant for statutory damages caused by Defendant's

conduct;

c.     An award of costs, interest, attorneys' fees; and

d.     Any other such relief the Court may deem just and proper.

Respectfully Submitted,

**LEAVENGOOD & NASH**

☒ **Ian R. Leavengood, Esq., FBN 10167**
☐ **Christopher C. Nash, Esq., FBN 135046**
☐ **Heather M. Fleming, Esq. FBN 25971**
3900 First Street North, Suite 100
St. Petersburg, FL 33703
Phone:  (727) 327-3328
Fax: (727) 327-3305
ileavengood@leavenlaw.com
cnash@leavenlaw.com
hfleming@leavenlaw.com
Attorneys for Plaintiff



**mcm** Return Mail Only – No Correspondence
Dept. 12421
PO Box 603
Oaks, PA 19456



Moons

| | |
|---|---|
| Current Owner: | Midland Funding LLC |
| Original Creditor: | CAPITAL ONE |
| Original Account No.: | 568112987614 |

12-16-2010

| | |
|---|---|
| MCM Account No.: | 8537604023 |
| Current Balance: | $28,458.11 |

90989-21919

#BWNHLTH
#0000 0853 7604 0235#
BELINDA J PARKER
6610 MIDNIGHT PASS RD APT 8
SARASOTA, FL 34242-2550

*Sent to Sister Address*

Dear BELINDA J PARKER,

The purpose of this letter is to advise you that Midland Funding LLC is the new owner of the above-referenced account, and Midland Credit Management, Inc. ("MCM"), a debt collection company, is now the servicer of this obligation. Midland Funding LLC received an assignment of your account with the above-listed original creditor. Accordingly, all future communication regarding the account should be addressed to MCM as servicer for Midland Funding LLC and not the previous owner. No collection efforts will occur on this account for at least 30 days from the date of this notice.

If an attorney represents you with regard to this debt, please refer this letter to your attorney. Likewise, if you are involved in an active bankruptcy case, or if this debt has been discharged in a bankruptcy case, please refer this letter to your bankruptcy attorney so that we may be notified.

Midland Credit Management, Inc.
8875 Aero Drive, Suite 200
San Diego, CA 92123

IMPORTANT DISCLOSURE INFORMATION

Although this communication is from a debt collector, this is not an attempt to collect a debt.



**EXHIBIT
A**

21919

ELNO

**mcm**
Return or Only to Correspondence
Dept. 12421
PO Box 603
Oaks, PA 19456

Contact Information:   Tel (800) 825-8131

Hours of Operation:    M-Th 6am - 7pm;
                       Fri-Sat 6am - 5pm PST
Current Owner:         Midland Funding LLC
Original Creditor:     CAPITAL ONE
Original Account No.:  568112987614

03-22-2011

#BWNHLTH
#0000 0853 7604 0235#                2344-1348
BELINDA J PARKER
10600 4TH ST NORTH APT 302
SAINT PETERSBURG, FL 33716-3202

MCM Account No.:   8537604023
Current Balance:   $29,254.73

Dear BELINDA J PARKER,

The last time we heard from you, you indicated that you were planning to file bankruptcy. We have been unable to verify that you did file bankruptcy or that there is a current case in your name. If you have in fact filed bankruptcy and the bankruptcy case is open or discharged, it is important that you or your attorney notify us immediately at 800-825-8131 Ext. 32986 so that we can suspend all debt collection activities. Please ensure that you have the following information available when you call:

**Attorney Name**                    **Address**
**Phone Number**                     **Bankruptcy case number**

Please be advised that we will continue debt collection activities unless we receive a verified bankruptcy case number. If you have not filed for bankruptcy, the balance due on the above-referenced account is $29,254.73 and should be forwarded to Midland Credit Management, Inc. using the envelope provided. If you are unable to forward the full balance at this time, please call us to make payment arrangements that will fit your immediate financial situation. Upon payment in full, if your account is being reported to the credit reporting agencies, we will inform them that it has been paid in full.

CALL NOW! Please call **(800) 825-8131** and any of our Account Managers will be able to assist you.

Please understand this communication is from a debt collector. This is an attempt to collect a debt. Any information obtained will be used for that purpose.

Sincerely,

Holding Q Bk Verif X32986.C094
Midland Credit Management, Inc.

Please see reverse side for important information
*Please tear off and return lower portion with payment in envelope provided*

BELINDA J PARKER
10600 4TH ST NORTH APT 302
SAINT PETERSBURG, FL 33716-3202

MCM Account Number:   8537604023

Current Balance:      $29,254.73

**Amount Due:**        **$29,254.73**

Make Check Payable to:   Midland Credit
                         Management, Inc.

**EXHIBIT**
**B**

**mcm**
Midland Credit Management, Inc.
P.O. Box 60578
Los Angeles, CA 90060-0578

12 8537604023 5 2925473 042011 9