**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**BELINDA PARKER,**
on behalf of herself and all others,
similarly situated,

    **Plaintiff,**

v.                                                                                      Case No.  8:12-cv-110-T-30TBM

**MIDLAND CREDIT MANAGEMENT,**
**INC.,**

    **Defendant.**
_____/

## ORDER

THIS CAUSE comes before the Court upon Plaintiff's Rule 59(e) Motion and Incorporated Memorandum of Law for Reconsideration and to Alter or Amend Judgment (Dkt. 39) and Defendant's Response in opposition (Dkt. 40).  The Court, having reviewed the motion, response, and being otherwise advised of the premises, concludes that the motion should be denied.

## BACKGROUND

This case centers around a letter sent on or about December 16, 2010, from Midland Funding LLC ("Midland Funding") to Plaintiff Belinda Parker with respect to Plaintiff's credit account with Capital One.  Notably, the letter was attached as Exhibit A to Plaintiff's amended complaint.

Defendant moved to dismiss the amended complaint, with prejudice, arguing, in part, that the letter was not a communication "in connection with the collection of a debt" as required to trigger obligations under sections 1692e(11) and 1692g(a) of the Fair Debt Collection Practices Act ("FDCPA").

The Court concluded, as a matter of law, that the letter did not constitute a communication in connection with the collection of a debt (Dkt. 38).

Plaintiff now moves the Court to reconsider its holding.

## **STANDARD OF REVIEW**

The decision to alter or amend a judgment under Fed. R. Civ. P. Rule 59(e) is within the sound discretion of the Court and will not be overturned on appeal absent abuse of discretion. *American Home Assur. Co. v. Glenn Estess & Assoc., Inc.,* 763 F.2d 1237, 1238-39 (11th Cir. 1985). There are three grounds that justify granting a motion for reconsideration: 1) an intervening change in controlling law; 2) the availability of new evidence; or 3) the need to correct clear error or prevent manifest injustice. *See CSX Transp., Inc., v. City of Pensacola, Fla.,* 936 F.Supp. 885, 889 n. 2 (N.D. Fla. 1995); *Sussman v. Salem, Saxon & Nielsen, P.A.,* 153 F.R.D. 689, 694 (M.D. Fla. 1994). "A motion to reconsider is not a vehicle for rehashing arguments the Court has already rejected or for attempting to refute the basis for the Court's earlier decision." *Lamar Advertising of Mobile, Inc. v. City of Lakeland,* 189 F.R.D. 480, 490 (M.D. Fla. 1999); *see also Michael Linet, Inc. v. Village of Wellington,* 408 F.3d 757, 763 (11th Cir. 2005).

## **DISCUSSION**

Plaintiff's motion does not meet the Rule 59(e) standard; specifically, it rehashes arguments previously made, relies on evidence that is not "new" because it was available to Plaintiff at the time she filed her amended complaint, does not point to any new law, and does not point to clear error. Plaintiff is not entitled to a second bite of the apple.

Because Plaintiff's motion falls woefully short of the Rule 59(e) standard, the Court need not address Plaintiff's substantive arguments. However, the Court addresses Plaintiff's argument that the dismissal order "overlooks Parker's allegation, which must be accepted as true for purposes of Rule 12(b)(6), that Midland intentionally crafted its letter to mislead consumers and increase debt collections" because this argument misapplies the motion to dismiss standard.

As stated in the Court's dismissal Order, unlike factual allegations, conclusions in a pleading "are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1950 (2009). On the contrary, legal conclusions "must be supported by factual allegations." *Id.* Indeed, "conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003). Also, "[w]here there is a conflict between allegations in a pleading and exhibits thereto, it is well settled that the exhibits control." *Gross v. White*, 340 Fed.Appx. 527, 533 (11th Cir. 2009) (quoting *Tucker v. National Linen Service Corp.,* 200 F.2d 858, 864 (5th Cir. 1953)).

Plaintiff's motion argues that the Court ignored the allegation that Midland intentionally crafted its letter to mislead consumers and increase debt collections. But as Defendant points out in its response, this allegation is a legal conclusion. And it is not entitled to the assumption of truth.

The Court noted in the dismissal Order that the least sophisticated debtor standard applies when evaluating FDCPA claims. *See LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185, 1194 (11th Cir. 2010); *Jeter v. Credit Bureau, Inc.*, 760 F.2d 1168, 1175 (11th Cir. 1985). This standard is an <u>objective test</u> designed to protect the vulnerable while preventing "liability for bizarre or idiosyncratic interpretations of collection notices." *Id.* In applying this standard, the Court, objectively, analyzed the subject letter, which Plaintiff attached to the amended complaint. As stated in more detail in the dismissal Order, the Court concluded that, as a matter of law, the letter was not a communication in connection with debt collection. Importantly, this conclusion did not ignore any of Plaintiff's <u>factual</u> allegations; to the contrary, the Court assumed the truth of those factual allegations, as it was required to do.

In sum, Plaintiff's motion fails to demonstrate any reason for reconsideration of the Court's dismissal Order.

It is therefore ORDERED AND ADJUDGED that Plaintiff's Rule 59(e) Motion and Incorporated Memorandum of Law for Reconsideration and to Alter or Amend Judgment (Dkt. 39) is DENIED.

**DONE** and **ORDERED** in Tampa, Florida on July 31, 2012.

                                                                    _____
                                                                    JAMES S. MOODY, JR.
                                                                    UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Even\2012\12-cv-110.mtreconsider39.frm